UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICKY PERSAUD,

        Petitioner,

v.                                           Case No. 5:19-cv-81-BJD-PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.
_____

**ORDER**

**I. Status**

Petitioner, Ricky Persaud, an inmate of the Florida penal system, initiated this action pro se on February 18, 2019 (mailbox rule), by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1; Petition). Petitioner challenges a 2011 state court (Lake County, Florida) judgment of conviction for which he is serving a twenty-year sentence. See Petition at 1. Respondents contend the Petition is subject to dismissal as untimely (Doc. 18; Resp.). Petitioner has replied (Doc. 22; Reply).

**II. Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding a one-year period of limitation, which generally runs from "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d). The section further provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id.

On September 9, 2011, a jury found Petitioner guilty on multiple counts, and he was sentenced to serve twenty years in prison. See Resp. Exs. E-G. Petitioner appealed the judgment and sentence, and the Fifth District Court of Appeal (Fifth DCA) per curiam affirmed in an unwritten opinion. See Resp. Exs. H, M. Petitioner moved for rehearing, which the Fifth DCA denied on July 2, 2013. See Resp. Exs. N, O. Petitioner's judgment and sentence became final ninety days later, on Monday, September 30, 2013.[1] See Clay v. United States, 537 U.S. 522, 525 (2003); Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the

---

[1] Petitioner notes in his Petition that he filed a motion under Rule 3.800(c) of the Florida Rules of Criminal Procedure on August 13, 2013. See Petition at 23. The trial court denied his motion on August 20, 2013, and because a Rule 3.800(c) motion is not appealable, see Frazier v. State, 766 So. 2d 459, 460 (Fla. 1st DCA 2000), that motion was fully disposed of on that day—before Petitioner's judgment and sentence became final. As such, that motion does not affect this Court's AEDPA calculation.

appellate court's denial of that motion." (citing Supreme Court Rule 13.3)). As such, Petitioner's one-year statute of limitations began the next day, Tuesday, October 1, 2013.[2]

Petitioner's one-year ran for 143 days until it was tolled on February 21, 2014, when Petitioner submitted for mailing a motion for jail credit under Rule 3.801 of the Florida Rules of Criminal Procedure. See Resp. Ex. Q. The trial court partially granted his motion on April 24, 2014. Id. On May 20, 2014, Petitioner submitted for mailing a notice of appeal. See Resp. Ex. MM. However, the notice of appeal did not reach the Fifth DCA. Id. When Petitioner discovered the Fifth DCA did not receive his notice of appeal, he petitioned the appellate court to accept his appeal late. Id. The State did not object, conceding a prison date stamp showed Petitioner submitted his notice of appeal to prison officials on May 20, 2014. See Resp. Ex. OO. The Fifth DCA granted the petition for belated appeal but ultimately denied the appeal in a per curiam unwritten opinion on December 27, 2016. See Resp. Exs. PP, SS. The mandate issued on January 20, 2017. See Resp. Ex. TT.[3]

---

[2] When calculating a period of time that is stated in days, courts should exclude the day of the event that triggers the period. See Fed. R. Civ. P. 6(a)(1).

[3] Respondents mistakenly assert Petitioner did not appeal the ruling on his Rule 3.801 motion. See Resp. at 9.

At that time, Petitioner's AEDPA clock remained tolled because he had an appeal pending before the Fifth DCA on a motion to correct illegal sentence under Rule 3.800 of the Florida Rules of Criminal Procedure.[4] Petitioner filed the Rule 3.800 motion on November 7, 2016,[5] and the trial court denied it on November 21, 2016. See Resp. Ex. VV. Petitioner's motion for rehearing was denied on December 8, 2016, and Petitioner filed a notice of appeal on December 16, 2016. See Resp. Exs. WW, XX, YY. The Fifth DCA denied Petitioner's appeal in a per curiam unwritten opinion on April 11, 2017. See Resp. Ex. BBB. The mandate issued on May 5, 2017. See Resp. Ex. CCC.

Petitioner's one-year began running again on May 6, 2017. On that date, he had 222 days remaining to initiate a federal habeas action, which means a timely petition would have been due on or before Thursday, December 14, 2017. However, Petitioner did not file his Petition until February 18, 2019, making his Petition late absent additional tolling. Petitioner contends his

---

[4] While Petitioner's appeal of his Rule 3.801 motion was pending, he filed other post-conviction motions as well, including a motion under Rule 3.850 of the Florida Rules of Criminal Procedure, which he filed on July 18, 2014, and a motion under Rule 9.141 of the Florida Rules of Appellate Procedure, which he filed on July 17, 2015. See Resp. Exs. R, FF. Those motions were fully disposed of before the Fifth DCA denied Petitioner's Rule 3.801 appeal.

[5] Respondents do not include a copy of this motion in their Appendix. However, the state court docket reflects Petitioner submitted it for mailing on November 7, 2016, and it was docketed on November 14, 2016. See Clerk of the Circuit Court and Comptroller, Lake County, Florida, available at https://www.lakecountyclerk.org (last visited Sept. 15, 2021).

AEDPA clock remained tolled through August 28, 2018, because, on March 3, 2017, he filed a motion for post-conviction relief under Rule 3.850(b). See Reply at 2. See also Resp. Ex. DDD. Respondents maintain Petitioner's second Rule 3.850 motion provided no tolling because it was untimely and, therefore, not "properly filed" under § 2244(d). See Resp. at 10, 11.

Rule 3.850(b) of the Florida Rules of Criminal Procedure sets forth a limitation period. Fla. R. Crim. P. 3.850(b). Under this rule, a motion to vacate a sentence may not be "filed or considered . . . more than 2 years after the judgment and sentence become final," unless the movant alleges one of three enumerated exceptions applies, including when "the facts on which the claim is predicated were unknown to the movant . . . and could not have been ascertained by the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1).

Petitioner filed his Rule 3.850(b) motion more than two years after his judgment and sentence became final. See Resp. Ex. DDD. Apparently acknowledging as much, he sought to invoke the "newly discovered evidence" exception articulated in subsection (b)(1). Id. In fact, Petitioner titled his filing, "Motion for Postconviction Relief Alleging Newly Discovered Evidence," and he cited Rule 3.850(b) in the introductory paragraph. Id. After conducting an evidentiary hearing, the post-conviction court denied Petitioner's Rule 3.850(b) motion finding he failed to show the alleged newly discovered evidence "was

5

not known to [him] prior to his trial" or "would probably produce an acquittal on retrial." Id.[6]

Petitioner argues that because the post-conviction court addressed his Rule 3.850(b) motion "on the merits," it was properly filed. See Reply at 2. He explains that the post-conviction court denied his motion because his witness was not credible, not because the motion was untimely. Id. Petitioner's argument has been foreclosed by the Eleventh Circuit. Jones v. Sec'y, Fla. Dep't of Corr., 906 F.3d 1339, 1349-50 (11th Cir. 2018). The Jones court held a post-conviction court's finding of untimeliness is "subsumed within" its ruling that the movant's proffered evidence was not newly discovered. Id. at 1350. Thus, the post-conviction court need not directly address the issue of timeliness or use "magic words" in its order. Id. In fact, the court expressly ruled, "the state court doesn't even have to make a timeliness ruling at all before a federal court can find that it was untimely and not 'properly filed' for Section 2244(d)(2) purposes." Id. at 1346 (emphasis in original). The court emphasized, "[The Supreme Court] is quite emphatic on this point: 'When a postconviction petition is untimely under state law, that is the end of the matter for purposes

---

[6] Petitioner appealed, but he later voluntarily dismissed the appeal. See Resp. Exs. DDD, HHH. The Fifth DCA dismissed his appeal on August 28, 2018. See Resp. Ex. III.

of § 2244(d)(2).'" Id. at 1350 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)).

Here, even though the post-conviction court did not use the magic word "untimely," such a finding was subsumed within its denial of Petitioner's motion because under Florida law, a finding that evidence is not newly discovered under Rule 3.850(b)(1) necessarily means the movant may not benefit from one of the enumerated exceptions to Rule 3.850's two-year limitation period. Id. at 1349-50 (collecting Florida cases denying Rule 3.850 motions as untimely because the movants failed to show the evidence was "newly discovered"). See also Jones v. State, 591 So. 2d 911, 913 (Fla. 1991) ("[A]llegations of newly discovered evidence fall within the exception to the two-year requirement of rule 3.850."). The post-conviction court's finding that Petitioner did not qualify for the exception under Rule 3.850(b)(1) "is the end of the matter for purposes of § 2244(d)(2).'" Jones, 906 F.3d at 1350 (quoting Pace, 544 U.S. at 414).

Because Petitioner did not establish his evidence was newly discovered under Rule 3.850(b)(1), his Rule 3.850(b) motion was untimely. As such, it was not "properly filed" for purposes of § 2244(d)(2) and provides no tolling. Thus, the Petition is untimely. Petitioner does not argue he is entitled to equitable tolling, and he fails to allege any facts supporting due diligence or

extraordinary circumstances. See Lawrence v. Florida, 549 U.S. 327, 336 (2007); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). Nor does Petitioner assert actual innocence as a gateway to avoid enforcement of the one-year limitations period. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). As such, this action is due to be dismissed.

Accordingly, it is

**ORDERED**:

1.  The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.

2.  The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3.  If Petitioner appeals this Order, the Court denies a certificate of appealability.[7] Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending

---

[7] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of September 2021.

                                              BRIAN J. DAVIS
                                    United States District Judge

Jax-6
c:
Ricky Persaud
Counsel of Record